Please call the first case. Would both sides please approach. For the defendant. Grace Palacio from the Office of the State Appellate Defender. For the people, Assistant State Attorney Peter Maltese. Each side is fifteen minutes. We can assure you that this panel has read the briefs, looked at the pertinent portions of the record. We don't look at our watches, but we do like to move things along. So it would behoove you to get your strongest points first. Any time you're ready, ma'am. May it please the Court. My name is Grace Palacio and I represent the defendant, Frank Greenwood. Mr. Greenwood's opening brief raised three issues, but for the purposes of this oral argument, I will limit my discussion to the first argument. Whether Mr. Greenwood was denied a fair trial were the State's use of hearsay evidence from multiple witnesses. One, violated the common law prohibition against prior consistent statements. Two, far exceeded the intended scope of Section 115-10's hearsay exception. And three, where in this closely balanced case, their prejudicial effect outweighed their probative value. If I may, I'd like to reserve two minutes for rebuttal. At Frank Greenwood's trial, five State's witnesses testified to statements made by Greenwood's daughter, R.G., in which she alleged that he had sexually abused her. In addition to testifying about the alleged incidents herself, R.G. also testified to the statements that she made to these witnesses. The statements were introduced under 725 ILCS 5-115-10, which relaxes the evidentiary requirements for hearsay statements made by complainants under 13 years old. The question before this Court is whether these outcry statements are admissible without limitation. This statute was enacted because alleged... But is it without limitation? Is that the issue, or is it five? We have five, so we don't need to write and say, it's unlimited, a thousand witnesses could testify. We need to say, is five fair, right? Yeah, we need to look to see if the number or the repetitiveness in each particular case, if it's prejudicial effect outweighed its probative value. Here are her statements. The statements that these third parties were testifying to under the authority of the Act, weren't all of these statements cumulative? Yes, and that's certainly a problem as well. Were they all almost identical? Yes, and that, again, goes to the heart of the problem. So if they're almost identical, then you're pretty much repeating what she has already testified to, which is the definition of a prior consistent statement. These statements are identical to her trial testimony. So if she had been interviewed by 20 people, and she told all 20 people the same story, Daddy touched me, would all 20 be permitted to testify? By the way, the state seems to argue that, yes, it seems to read the statute as saying that the state argues the defendant fails to cite a single case, which limits the number of corroborative statements that can come in under this exception. And we're saying that simply because there is a statute that aggregates the common law prohibition against hearsay, doesn't mean that they can all come in. We still need to do a balancing test to see whether their prejudicial effect outweighs their probative value. The real question here is prejudice, right? Yes. Let's talk about that. What's the prejudice? Well, the prejudice, and this is the prejudice that comes with prior consistent statements, is that a jury or a trier of fact is more likely to believe something that is repeated over and over again. And in this case, we have a closely balanced case where we have the victim's word against the defendant's word. And that's the only evidence. There's no physical evidence. It's just what she said versus what he said. Well, what he said, though, let's look at that for a moment. What he said is, yeah, I got in a bed with my 11-year-old daughter into a bunk bed, the lower tier of a bunk bed, which is generally, having had a seat in these from a large Irish family, less than three feet across. And so his story was, yeah, yeah, she's right, the story's the same, yeah. The difference being that while we did share a bed, a three-foot wide bed, I didn't molest her digitally. Okay. And the defense attorney made no objection at all as to these witnesses, did he? Correct? This is plain error. You're arguing that the defense attorney, so people who, in our standard of review in this area, is abusive discretion, is it not? Yes. So no rational person, we have defined to agree with you, no rational person would have agreed with the judge when, to start out, the trial lawyer for the defendant did not disagree with the judge. The trial lawyer made no objection of any kind. Going back to Justice Cunningham's question as to prejudice. Yes. So there's five witnesses here. Yes. First outcries to the grandmother. Mm-hmm. Second outcry to mom. Right. Mom takes her to the nurse, so the medical person's the nurse. Mm-hmm. And there's two witnesses from the Child Advocacy Center. And DCFS. Right, DCFS. In this case, I think they're both Child Advocacy Center. Mm-hmm. So which one of those, or two of those, or three of those, constitute reversible error? I would argue that we don't need the testimony, the specifics from the mother, the DCFS worker, the child advocacy. These are all cumulative to what the complainant testified herself, and even what the grandmother says. And if you have a corroborative complaint, you can testify to the fact. Let me ask you this. Yes. If this nurse Haley had testified, we wouldn't be arguing about this. Is that correct? I mean, do you agree that the nurse's testimony is admissible? That can go towards a medical testimony. So do you agree or not that the nurse's testimony under these facts would be admissible? Yes. So if the nurse testified and the victim and everybody else, you wouldn't be here arguing this? Right. So you really object to the other four people. Is that correct? Yes. And does the statute specify a number of people? I mean, I think Justice Flynn, or maybe it was Justice Harris, asked that before. So in this case, you say that the trial court abused its discretion because he allowed four other people to testify. Yes. Why? Why under these facts in particular? I ask you this because our Supreme Court has been very clear to talk about forfeiture, you know, which is you have to preserve the issue or else you have to make sure it fits in within the parameters of the plain error rule. Right. So you really ought to try to focus on that. Right. And when I asked you about prejudice, I really was very intent on having you tell me, what is the prejudice here? Because I think that that's what this issue turns out. And I certainly think it's prejudicial because we do have these. I know you think so, but I'd like you to give me some facts that tell me why it's prejudicial. Well, we have R.G. who testifies to the incidents herself. And then she testifies to what she told each of these individuals. And then each of these individuals then testifies to what R.G. told them. So what we have here basically is the jury hearing R.G.'s allegations ten times. And ultimately that's the State's entire case. And what we have is repetition and repetition and repetition. And in this closely balanced case, we only have her word against his. There's no physical evidence. And where even the jury seemed a little doubtful about the veracity of her testimony because they come back with these seemingly inconsistent verdicts. They say yes on sexual assault for some dates and no on other dates but a lower included for sexual abuse. And that just is not consistent considering her testimony is the same about all of the events. So clearly there's something that the jury is unsure about. And the problem with prior consistent statements is that you just hear it over and over again. And it's human nature to believe stuff if you hear it again and again and again. And so what you have here is this little girl who testifies and then five people who testifies to exactly what she just said. And that's pretty much the State's case. So surely there's prejudice. Why wouldn't that be persuasive to a jury? You hear all these adults saying what this little girl said. Well, again, it's your burden, your burden, not the State's burden at all. This is plain error. So the defense attorney, a trial person, does this for a living, had no problem of any kind with it. So now today we hear for the first time, I mean, had there been an objection, it's conceivable, is it not, that the trial court said, you know what, I'm going to let one child live because he's a person. Or maybe neither of them had anybody thought it was a problem. And they chose not to raise this objection. Experienced trial person, whoever they are, chose not to. So now we're today. You're arguing that you should prevail today because you have shown, you have shown through your briefs and argument today, that the error of calling five witnesses, that error alone credits your client to the point we should reverse. That's your burden. Have you shown that, you think, in your briefs? I think so. Because, like I said, it's closely balanced. And, you know, this court in People v. Moss, which dealt with the same issue, agreed with the premise that there can be cases where the evidence is so closely balanced that the repetition of a complainant's testimony might tip the scale so that it did overly prejudice the defendant. And in Moss there were four witnesses who testified regarding it, right? Now the victim had somehow died, the child victim had died, as the mother had died prior to the trial. There were four. And there were four witnesses corroborating witnesses in Lofton as well. Is that right? There were three in Anderson and there were three in the branch as well. What's your best case that five is the tiebreaker, that five tips the scales and is per se reversible? Can you cite a case? I would look at all of these cases and say they're distinguishable. In Moss that case was not closely balanced. There was sperm found in the victim's body. We didn't have anything like that in this case. In Anderson the defendant made inculpatory statements. In branch the medical evidence supported what the complainant had said. But doesn't that cut against your argument? It's cumulative. Your argument today is it's cumulative. Not that it didn't, I understand in the long run you're saying of course it didn't happen, but that's what juries do. If it's cumulative, meaning the evidence is not worth anything, it's not worthy of coming in, if there's sperm, if there's physical corroboration, if there's a confession, doesn't that make the third or fourth witness cumulative to the state's proof? No, I think the way to look at that evidence is to say that is not a closely balanced case. So whatever prejudice But those courts didn't hold it to be harmless error, did they? They said conceivably this could be bad, but they don't say it's harmless error. It's not error. But they found that based on the fact that in those particular cases, but at the same time recognizing there could be a case like this one where it is closely balanced, where there is just the victim's word against the defendant's word, and that's all we have. We have that, but we have her allegations over and over and over again. That's not simply what we had over there. They had other evidence. Well, in the Anderson case, didn't the appellate court caution or at least say they had trust in the sound discretion of the trial court to maintain a proper balance? It's kind of like a signal out there that trial court balance the evidence. If there's cumulative evidence, we'll allow it. If there's something additional, such as an inculpatory statement or physical evidence, whatever, but if it's a mere repetition of what another witness has already said, that would tilt the balance, wouldn't it? It would. It's a repetition that's over and over again, and that is precisely why we have the prohibition against prior consistent statements. It's because what is said over and over again is likely to persuade. If we actually look at the intent of the legislature when they enacted 115-10, they did it specifically because they recognized that children may have difficulty articulating what happened in these incidents. The state makes no argument that R.G. had any difficulty testifying or articulating. There was nothing to suggest that she was not a confident witness or reluctant or she couldn't describe anything that happened. So ultimately what we have are these witnesses who are just repeating what she said. She had no difficulty doing it herself. And so what we have is a clear case of prior consistent, cumulative. It adds nothing other than to bolster her testimony. Hearing it over and over again bolsters her credibility, and that's precisely why we prohibit these things. With the circumstantial evidence, I'll call it circumstantial, of the defendant's testimony about his getting into the bed with her and all of that, is that something that the jury could consider in determining whether or not her testimony is true? Would that be part of the body of evidence that the jury would consider? And the other, you know, there was some other evidence that her mother gave about how she behaved and so on following the alleged attacks. Would any of those bits of evidence be part of what the sum total of what the jury would look at in determining the credibility of this witness? Well, certainly all the trial testimony is something that the jury would consider. But I would argue, like you said, circumstantial evidence. What we do know from reading this record is that this was, the custody between these two parents was contentious. And R.G. herself testified that sometimes I'm angry at my dad, sometimes I'm angry at my mom. And if we look at the timing of her actual first outcry, immediately before she even says anything about what her father may have done to her, she says to her grandmother, do you know that daddy got back together with Stephanie? And her grandmother has to reassure her, you know, that's something that happens with adults. Isn't that what juries do, honestly? Don't they listen to these things and hear, again, his story? I got in the bed of my two-foot, 20-foot-long bed with my 11-year-old daughter and decide who they wish to believe. Yeah, and that's exactly, we come back to the crux of this. That's what the jury is hearing, just her statement over and over and over again. Well, I heard his as well. If they chose to believe him, they certainly would have found him not guilty. But he only testifies once. We hear his version of events once. We hear hers 10 times. He said 10. What do you get to 10? You have five outcries. They come in. And hers. That's six. What is the other four? Well, I say she has her testimony. Then she testifies, I told grandma this. I told mom this. I told DCFS lady this. I told his other. So she testifies five times in your theory. Yes. And then each of those witnesses then corroborates exactly what she just said. So it's basically you quarrel is really with the statute. You don't like the statute. And I can understand that. I think we've already talked about the fact that the statute doesn't have a particular number. And it's within the discretion of the trial court given the facts of a particular case. But it sounds like you feel that the statute itself should be done away with. No. I mean, is that your argument? No, I'm not arguing that I have a problem with the statute. The statute serves a purpose. But the legislature was clear that their intention was this is for clarity, not for credibility. And so what we need to look at, what the court said in Holloway, was that the importance in allowing outcry testimony is not the complainant's age, but her ability to adequately testify to the alleged incident. There was no doubt that Archie was able to testify clearly about what she said happened during these incidents. So I'm just saying there needs to be a balancing test of prejudicial versus probative. And as Anderson cautioned, that there may be cases where the scale is just tipped unfavorably for the defendant because it's over and over and over again. You cite DABS several times, the recent Illinois Supreme Court case, which involved upholding a statute allowing prior instance of domestic violence in current cases. And I read that to stand for the proposition that in terms of evidence, the state legislature gets to pick. And that was obviously in derogation of the common law rule of propensity evidence is not allowable. The Supreme Court had no problem at all with it. So I would suggest that DABS stands for proposition in terms of it was not a 11510 case, but it certainly would be a strong argument that it would support 11510, which has been upheld forever. I agree to some extent, but DABS also says that a statute that aggregates the common law must be construed in a manner that preserves for the defendant, as much as possible, consistent with the legislative purpose, all the protections that he would otherwise be afforded. And in this case, a narrowly construed 115-10 would mean that we need to look also at the fact that these outcry statements also fall under prior consistent statements, which is a protection for the defendant. And we need to, as DABS indicates, also look at the prejudice versus appropriativeness. Your research has revealed exactly zero cases are reversing for cumulative evidence in child sex cases under 115-10. Is that right? I don't believe I cite one specifically. But again, we need to look at this. You don't cite any, right? There are none, right? So this should be the first case in the history of Illinois where we should hold that the five is too many, that even though the trial defendant or rather the defense counsel did not think five was too many. We should just bring this up and say five is too many, and then we should write an opinion saying the mother shouldn't testify, the grandmother shouldn't testify, child advocacy center shouldn't testify. That's reversible error unless, except for the medical person. I'm not saying that we need to say that five is too many, but I don't think a decision saying that in this case this was overly prejudicial is entirely inconsistent with Moss or Anderson, which both recognize that there could be an instance where there is just too much of the same evidence coming before a jury, such that they are overly persuaded by the repeated testimony or the repeated allegations of a complainant where it just is overly prejudicial to the defendant because it's a closely balanced case and because the jury is likely to believe what's heard over and over again. Thank you, Ms. Plessy. You'll have some time to reply. Thank you. State. May it please the Court, Assistant State's Attorney Peter Maltese on behalf of the people. The trial court correctly granted the people's pre-trial motion to admit four out-of-court statements by the victim pursuant to Section 115.10. The court held a hearing on the people's motion a month before the trial, and the people's motion included the statements as told to four people, the victim's mother, the victim's grandmother, who was actually the victim's great-grandmother, the representative from the Department of Children, Family, and Services, and the representative from the Child Advocacy Center. Mr. Maltese, was the evidence close in this case? The evidence was not closely balanced. Why not? We presented a victim who testified. Her testimony was clear and convincing. It was corroborated by her outcry statements, and it was also corroborated by the circumstantial evidence of her behavior during the period of abuse. If you had the nurse's testimony and that was allowed, why wouldn't that have been enough? Why was four other cumulative statements necessary if the court had allowed the nurse and let it stand at that? First, the people disagreed that the evidence was cumulative. It was not cumulative. In fact, four witnesses testified to four different statements. No, the statement was generally always the same. Daddy touched my coochie. And it's repeated four times in addition to the nurse. Well, in fact, at the hearing, counsel for the defense argued the opposite. He argued that there was not enough safeguards, there was inadequate safeguards because the statements were different. He, in fact, is on appeals. The court is the gatekeeper here. Why were four additional statements necessary that appear identical? Well, the standard is not if they're necessary. The standard is if there's safeguards of reliability, and the court is obligated to make that determination. Mr. Maltese, I think what Justice Harris is asking is the same question that I was about to ask. Why was it necessary to throw in the kitchen sink? I mean, you had the nurse's testimony, and you heard me ask your opponent, if it had been the testimony of the victim and the nurse, which is clearly admissible, we wouldn't be arguing about this issue. So my question is, why did you throw it? The trial court found an independent basis for two of the statements. But that's not why they were put in. Obviously, after the lawyer brought it to the attention of the court, the judge didn't decide that this was going to be the evidence. The state decided that. So my question is, why? Because we are now faced with making a determination on something that you're basically asking us to find. No, it really wasn't cumulative, although it really was cumulative. So I'm asking you, what was the purpose of putting in five identical statements, or four in addition to the statement of the nurse, which is everybody agrees is admissible? The statements were the exact type that the public policy behind the section allows. The section represents a belief that young victims become more reliable, the testimony becomes more reliable, understandable, and, indeed, credible. In People v. Anderson, the court actually found that credibility of a victim's statement can lead credibility to her testimony. As I stated, two of the statements had an independent basis for admission, and the court found as much. Excited utterance, an outcry. The court also found that the other two statements were reliable in that they were asked, they were answered in open-ended questions. The statute only requires that the court look at the safeguards of reliability. Yes, the court makes balancing determinations of prejudice and prohibitive all the time, and there's nothing showing that the court did not do that in this case. Importantly, counsel argued the opposite and has forfeited this issue. And Justice Cunningham is correct, he has to sell prejudice. He's certainly not arguing that it's a structural problem, a structural error, in order to find plain error. So prejudice is the only thing that he can hang his hat on. And the court was very specific in People v. White that prejudice means that but for the error, the scales of justice would tilt against the defendant and equated it to the same prejudice that's found in Strickland. But for the error of counsel, the trial would be different. The evidence between the victim's testimony and the nurse's statement is sufficient to find the defendant guilty. That's what I mean. So why did you throw in the other four? That was my very question. I think throwing in the other four when you had sufficient evidence to begin with kind of muddies the waters, don't you think? No, I don't think they muddy the waters at all. They actually show the credibility of the child, that the very next day after the abuse happens, she has an episode in therapy, and the mother could see that she's upset, takes her home and asks her, what can I do to help you? And the daughter says, bring me grandma. And the first time the child's alone with grandma, she has her first outcry. That's all very, very relevant testimony that the jury had the right to hear. If the child had been interviewed by eight investigators and she told them the same story as to daddy touched my coochie, because she said it to eight investigators, would that mean that her testimony is more credible? Yes, if her statement was consistent and believable. And all eight should be allowed to take the stand and repeat this cumulative statement? Well, the trial court would make a balance in each individual case. The people did not produce eight witnesses here. The people asked for four witnesses, and the defendant moved in his motion in limine actually to admit the nurse's statement. So the defendant's argument would in fact be that defense gets to choose how these statements are presented to the jury. The people did in fact put the nurse's statement in, but pre-trial it was clear that the defendant was going to place the nurse's statement in and ask permission to do so. And I'm not sure if I answered your question correctly. Well, it seems to me that the number implies the weight of the prejudice against the defendant here. Five is a pretty big number. Eight is a bigger number. It's just the number that implies credibility to the jury. Is that fair? Is that plain error? It is not plain error because it does not show prejudice in the sense that if the testimony regarding the statements were taken out, it wouldn't change the outcome of this trial at all. How do you know that? Your opponent says at page 31, had R.G.'s prior consistent statements and the additional corroborative statements been excluded, the jury may very well have doubted the credibility of R.G.'s allegations and concluded that the state's evidence was insufficient to prove Greenwood guilty beyond a reasonable doubt. So I mean, they're making the exact opposite of the argument. That's why you're both here, of course. But, you know, just saying it's not prejudicial, I don't know that that makes it not prejudicial. I mean, that's what you're expected to argue. So as I asked your opponent, tell me some, you know, apart from the conclusory statement, tell me some underlying facts that supports that statement. And that's what I'm not hearing from you. Well, the victim's testimony was clear and convincing. There was nothing placed into evidence to show that she had any bias for raising these allegations. Her statement was consistent to the nurse. Her statement was consistent to the mother. And her statements were corroborating by the physical symptoms that she was having. She had only just begun to go to therapy, and the episode that the therapy had to end early was actually her second therapy session, and it was the very next day after the abuse had happened. There's no reason to find that she wasn't credible. That is the strength of a people's case. If I could address counsel's citation to Holloway. Holloway, the victim, was 11 years old when the abuse happened, but her statement, she was 13. So her statement was not covered by the statute. So when counsel raises that point, that the statute needs to be re-examined. That's not to say that the statute needs to be narrowly defined. She's quoting out of context the court's ruling in Holloway where it was asked to go beyond the statute. I don't think she's stating it out of context. If you look at the case, it clearly says the victim in that case was 13 when she gave her statement. So she's not misrepresenting it. But there is no requirement, and I think what she's gleaning from Holloway is that there is a requirement that the court finds that the victim is unable or somehow limited in testifying. And that's the statement that she's gleaning from Holloway. And it's clear that the court is not obligated to find that. That is not a qualification. Defendant was granted a fair trial, and the court properly exercised its discretion in its pretrial hearing. Defendant has forfeited its issue and failed to show plain error. And this court should reject defendant's meritless argument. For these reasons stated today and those in the people's brief, we ask that defendant's convictions be affirmed. Thank you, sir. Just a few quick points. The state in its own argument says that R.G.'s testimony is clear and convincing. If that is the case, we do not need multiple witnesses testifying exactly as she testified herself. That just proves the point. Again, we need to look at the prejudice in the probative. And to go to Justice Cunningham's point, if you want an example of how this may have been closely balanced and how there was prejudice, I think we can again look at the seemingly inconsistent verdicts by the jury. Why is there a guilty on sexual assault in one offense but not guilty on the other when her testimony is identical throughout? So there's clearly something that the jury is latching onto where they think that there is something off or something they're not absolutely sure about R.G.'s testimony. And to have that doubt and then to have all these multiple witnesses testify identically to what she has just testified to herself, surely suggests that maybe had we not heard all these multiple statements, they would not have believed her. Again, it's her word against his, and that's the entirety of the case. And to look at, if we're going to go look at 115-10 again, the standard is, it's not simply reliability. If you look at Holloway and the legislature itself, what they are really getting at is the adequacy of the victim's testimony. Are they capable of testifying? Can they articulate? Is there any indication that they're afraid it would not be able to testify before a court the same way they were able to tell maybe loved ones? Are these people specifically trained to question them? And so if that is the intent of the legislature, we then also need to look at the fact that there is a prohibition against prior consistent statements. And when you have that, we need to do the prejudice versus probative. And in this case, because the evidence was closely balanced, the trial court erred by allowing in all these multiple statements. And we should reverse and remand for a new trial. Thank you very much.